UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LEAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security Administration,<br><br>　　　　Defendant. | ) Case No. ED CV 12-904-SP<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On June 14, 2012, plaintiff Mario Leal filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB") and Supplemental Security Income disability benefits ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Two issues are presented for decision here: (1) whether the Administrative

Law Judge ("ALJ") gave specific and legitimate reasons for rejecting the opinion of a treating physician; and (2) whether the ALJ properly discounted the testimony of lay witness Christina Leal, plaintiff's sister.

Having carefully studied, inter alia, the briefs submitted by the parties and the Administrative Record ("AR"), the court finds that the ALJ erred. First, the ALJ's bases for rejecting the opinion of treating physician Dr. Fortuna Israel were not specific and legitimate reasons supported by substantial evidence. And second, the ALJ erred in rejecting Ms. Leal's testimony without providing specific reasons for doing so. The court therefore reverses the Commissioner's decision denying benefits and remands for further proceedings consistent with this opinion.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was thirty-one years old on the date of his December 22, 2010 administrative hearing, has a tenth-grade education. *See* AR at 25, 28, 29. His past relevant work includes employment as a forklift driver and carpet layer. *Id.* at 31, 46.

Plaintiff filed for DIB and SSI on February 26, 2009. *Id.* at 166-171, 172-74. In both applications, plaintiff alleged that he has been disabled since January 2, 2009. *Id.* at 168, 172. Plaintiff's application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 85-98.

On December 22, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 25-51. The ALJ also heard testimony from a vocational expert ("VE"), Sandra Fioretti. *Id.* at 45-51. On March 10, 2011, the ALJ affirmed the denial of plaintiff's request for benefits. *Id.* at 55-65.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since his alleged disability onset date. AR at 60.

At step two, the ALJ found that plaintiff suffers from severe impairments

consisting of: schizophrenia with paranoid features, right iliotibia band syndrome, lumbar facet arthropathy, and alcohol dependence. *Id.*

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1/] and determined that he can perform less than the full range of medium work as defined in 20 C.F.R. 404.1567(c).[2/] AR at 61. The ALJ specifically found that plaintiff "can lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk 6 hours in an 8-hour workday with normal breaks; and sit 6 hours in an 8-hour workday with normal breaks." *Id.* Further, the ALJ found that plaintiff could climb stairs or scaffolds, stoop, kneel, crawl frequently, and use his hands for fine manipulation frequently. *Id.* The ALJ found that plaintiff could not, however, perform fast-paced work or work that had production requirements. *Id.*

The ALJ found, at step four, that plaintiff is not capable of performing his past relevant work as an industrial truck operator or carpet layer. AR at 63.

At step five, the ALJ determined that, based upon plaintiff's age, education, work experience, and RFC, plaintiff could perform a significant number of jobs in

---

[1/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2/] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

the national economy, including hand packager, industrial cleaner, and kitchen helper. *Id.* at 64. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*. at 64-65.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 12-13, 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001). However, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed

simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). However, if the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Improperly Rejected the Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting the opinion of plaintiff's treating physician, psychiatrist Dr. Fortuna Israel. Pl's. Mem. at 2-8. The court agrees.

On August 24, 2009 and December 23, 2010, Dr. Israel completed checklist Narrative Reports concerning plaintiff's mental health. AR at 352, 427. Dr. Israel indicated that plaintiff suffered from hallucinations/delusions (August 2009) and auditory command hallucinations (December 2010) . *Id.* In both reports, Dr. Israel noted that plaintiff's memory and judgment were impaired. *Id.* He also opined that plaintiff could not maintain a sustained level of concentration, sustain repetitive tasks for an extended period, adapt to new or stressful situations, or interact appropriately with strangers, co-workers, or supervisors. *Id.* Dr. Israel concluded that plaintiff would not be able to complete a 40-hour work week without decompensating. *Id*.

Rejecting Dr. Israel's opinion, the ALJ explained that she found the "checksheet forms" unpersuasive "because they are inconsistent with and unsupported by the other medical evidence, including the [Riverside County Department of Mental Health] treatment notes." *Id.* at 63.

In evaluating medical opinions, Ninth Circuit case law and Social Security

regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830 (citation omitted); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) (citation omitted). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).

      Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons." (citation omitted)). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

1    The ALJ failed to satisfy this standard. Contrary to the ALJ's reasoning, Dr. Israel's opinion is not inconsistent with the Riverside County Department of Mental Health ("RCDMH") treatment notes. *See* AR at 295-331, 351-355, 416-479. The RCDMH documents, which span the period from January 26, 2007 through December 21, 2010, are primarily progress notes completed by nurses. *See id.* at 297-331, 416-479. Most of the progress notes simply chronicle plaintiff's bi-weekly Risperdal injection. *See, e.g., id.* at 419-420. The ALJ noted that the Risperdal controlled plaintiff's auditory hallucinations (AR at 63); however, that conclusion is not entirely accurate. *See id.* at 464. Even where plaintiff's "medication adherence" and "medication response" were reported as "good," plaintiff still suffered from hallucinations and delusions. *Id.* at 464. Although some RCDMH notes do indicate that plaintiff had periods where he did not suffer from hallucinations, delusions, or impaired concentration, these instances do not render the treatment notes as a whole inconsistent with Dr. Israel's opinion. *See id.* at 442, 448, 459, 461, 466. Significantly, the bulk of the criteria upon which Dr. Israel evaluated plaintiff – memory; judgment; ability to sustain repetitive tasks for an extended period, adapt to new or stressful situations, interact appropriately with others, or complete a 40-hour work week without decompensating – are not mentioned in the RCDMH notes. Thus, these notes cannot be inconsistent with Dr. Israel's assessment as they touch upon different issues.

The court notes that there is record evidence that does conflict with Dr. Israel's findings; specifically, the report of consultative psychiatrist Dr. Hiruy Gessesse.[3/] *See id.* 332-336. It does not appear, however, that the ALJ relied upon

---

[3/] Dr. Gessesse examined plaintiff in June of 2009. Plaintiff denied "any problems with concentration and memory" and exhibited no evidence of auditory or visual hallucinations, delusions, or illusions. AR at 333-334. Additionally, Dr. Gessessee noted that there was no evidence of paranoia. *Id.* at 334. Dr. Gessesse concluded that: "Based on the objective findings presented during the interview, the

this evidence. *See id.* at 61-63. This court "may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Defendant cites *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012), for the point that an ALJ may reject "check-off reports that [do] not contain any explanation of the bases of their conclusions." *Id.* at 1111 (internal quotation marks and citations omitted). But although the ALJ here noted that Dr. Israel's Narrative Reports were in fact "checksheet forms," she did not reject those reports because they lacked explanation. *See* AR at 63. As such, once again, this court may not affirm on this basis. *See Orn*, 495 F.3d at 630. Instead, this court looks at the reason the ALJ gave for rejecting Dr. Israel's opinions – that they were inconsistent with and unsupported by the RCDMH treatment notes and other medical evidence – and finds Dr. Israel's opinions were not in fact inconsistent with the medical evidence the ALJ cited.

Accordingly, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Israel's opinion. Without specific and legitimate reasons, Dr. Israel's ultimate conclusion concerning the detrimental effects of plaintiff's mental illness must be given controlling weight. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ's failure to provide legally sufficient reasons for discounting Dr. Israel's opinion regarding plaintiff's mental condition warrants remand. *See Embrey*, 849 F.2d at 422 (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to "the specific medical opinions and findings he rejects"); *see, e.g.,*

---

claimant should be able to interact appropriately with customers, coworkers, and supervisors. He should adapt appropriately to the stresses common to a normal work environment. He would be able to follow at least moderately complex oral and written instructions without difficulty." *Id.* at 335.

1  *Nelson v. Barnhart*, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb.
2  4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the
3  conclusion of [a physician],' it is proper to remand the matter for 'proper
4  consideration of the physicians' evidence.'") (citation omitted).

### B. The ALJ Improperly Rejected Lay Witness Testimony

Plaintiff contends that the ALJ erred in rejecting, without sufficient comment, the lay testimony of his sister, Christina Leal. Pl. Mem. at 8-10. The court agrees that the ALJ failed to properly address this lay witness's testimony.

Plaintiff's sister, Christina Leal, completed a Third Party Function Report on March 13, 2009. AR at 229-236. Ms. Leal stated that plaintiff has trouble concentrating, understanding, and getting along with others. *Id.* at 234. She noted that he "gets in fight with others." *Id.* Whereas he used to be a hard worker, he now "gets abset of mostly everything." *Id.* at 230. He can pay attention for only a "very little time" and does not take instructions well. *Id.* at 234. She explained that plaintiff had been fired from a job because he becomes aggressive and hears voices. *Id.* at 235. According to Ms. Leal, plaintiff does not handle stress well. *Id.*

The ALJ rejected Ms. Leal's testimony, reasoning: "Although the sister is obviously concerned about the claimant's well-being, she is not a medical professional or otherwise qualified to diagnose severe impairments or to assess their effect on the claimant's ability to perform work-related activities." *Id.* at 63.

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses, and citation omitted); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. § 404.1513(d)(4) (explaining that Commissioner will consider evidence from "non-medical sources," including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy," in determining how a claimant's impairments affect his or her ability to

work); 20 C.F.R. § 416.913(d)(4) (same). The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919; *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). A lay witness is "not disqualified from rendering an opinion" on how a plaintiff's condition affects his or her ability to work simply because that witness is not a vocational or medical expert. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009).

The ALJ improperly rejected Christina Leal's testimony. She failed to provide specific reasons germane to Ms. Leal for discounting her testimony. Rather, she dismissed Ms. Leal's testimony out of hand because she is a lay person and not a medical professional. This was improper. *Id.*

## V.
## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to

properly evaluate both the opinion of plaintiff's treating physician and that of lay witness Christina Leal. On remand, the ALJ shall reassess the medical opinion of Dr. Fortuna Israel and either credit it or provide sufficient reasons under the applicable legal standard for rejecting any portion Dr. Israel's opinion. The ALJ shall also reassess and reconsider the testimony of lay witness Christina Leal, and either credit her testimony or provide specific reasons germane to Ms. Leal for rejecting it. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: March 28, 2013



SHERI PYM
UNITED STATES MAGISTRATE JUDGE

11